## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARSON WILLIAM MATUTE RANKIN,

      Plaintiff,

v.                                   Cv. Case No: 8:15-cv-2552-T-24MAP
                                    Crim. Case No.: 8:06-cr-00367-T-24MAP

UNITED STATES OF AMERICA,

      Defendant.

_____

## ORDER

    This cause comes before the Court on Petitioner Carson William Matute Rankin's *pro se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1; Cr. Doc. No. 63). The Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter, because a review of this motion and the record in this case conclusively shows that Petitioner is not entitled to relief.

## I.    BACKGROUND

    On August 30, 2006, an Indictment charged Petitioner with one count: possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, contrary to the provision of Title 46 Appendix, United States Code Section 1903(a). Petitioner pled guilty to the charge on January 10, 2008. (Cr. Dkt. 31). On April 10, 2008, the Court sentenced Petitioner to a 292-month term of imprisonment, to be followed by a 60-month term of supervised release. (Cr. Dkt. 33).

Petitioner filed a direct appeal on April 21, 2008. (Cr. Dkt. 34). On Petitioner's subsequent motion to dismiss, the Eleventh Circuit Court of Appeals dismissed the appeal with prejudice on June 30, 2008. (Cr. Dkt. 43).

Petitioner now moves to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Cv. Dkt. 1, Cr. Dkt. 63).

## II.   PETITIONER'S MOTION IS TIME-BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated October 27, 2015[1], and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

Petitioner filed a motion to dismiss his direct appeal, and the Eleventh Circuit dismissed that appeal with prejudice on June 30, 2008. Accordingly, Petitioner's conviction became final on September 29, 2008, ninety days after his direct appeal was dismissed. *See Cook v. United States*,

---

[1] Petitioner's motion is postmarked October 27, 2015. He did not date the petition.

No. 8:02-CR-243-T-17MAP, 2011 WL 4435084, at *2 (M.D. Fla. Sept. 23, 2011) (citations omitted). Petitioner was required to file his § 2255 motion by September 29, 2009 in order for it to be timely filed. Therefore, Petitioner's § 2255 motion is time-barred.

Petitioner asserts that he is entitled to equitable tolling based on the Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631 (2010).[2] Although the Supreme Court in *Holland* found that "timeliness provision in the federal habeas corpus statute is subject to equitable tolling," this doctrine is available only when a petitioner establishes both extraordinary circumstances and due diligence. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Diaz v. Sec'y for Dep't of Corr.,* 362 F.3d 698, 702 (11th Cir.2004). Equitable tolling is an "extraordinary remedy which is typically applied sparingly," *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has found that equitable tolling is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). Additionally, The Eleventh Circuit has held that an "inmate bears a strong burden to show specific facts to support h[is] claim of extraordinary circumstances and due diligence," *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir.2008). A "petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both," *Arthur v. Allen,* 452 F.3d 1234, 1252 (11th Cir.2006).

Petitioner argues that equitable tolling is warranted due to prosecutorial and attorney misconduct. Specifically, Petitioner asserts that his plea agreement contained an agreement that the prosecutor would move the court for a reduction of sentence on Petitioner's behalf for

---

[2] Specifically, Petitioner contends that the equitable tolling principles established in *Holland*, which involved alleged attorney misconduct, should apply here.

substantial assistance provided to the Government. Petitioner asserts the prosecutor failed to move the court for a reduction of Petitioner's sentence. Petitioner also argues his own attorney committed misconduct by failing to enforce the plea agreement "in collusion with the prosecutor." (Cv. Dkt. 1 at 5; Cr. Dkt. 63 at 5). As a result of the prosecutor's failure to comply with the plea agreement, and his attorney's failure to enforce the plea agreement, Petitioner argues he forfeited his right to appeal his sentence and file a timely motion pursuant to Tile 28 U.S.C. § 2255.

Petitioner has not demonstrated due diligence or extraordinary circumstances that would allow him to file this motion out of time. He does not explain why his attorney's or the prosecutor's actions prevented his filing a timely motion. Petitioner also does not provide a reason as to why he filed the instant motion six years after the deadline for a timely § 2255 motion.

In light of the untimely filing of his section 2255 motion and his failure to meet his burden of demonstrating both extraordinary circumstances and due diligence justifying his delay, Petitioner cannot rely on equitable tolling to establish the timeliness of his motion.

## III.    CONCLUSION

Petitioner's motion is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Holland* to establish the timeliness of his motion under. Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 63) is **DISMISSED** as untimely.

The Clerk is directed to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS **FURTHERED ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

    **DONE AND ORDERED** at Tampa, Florida, this 3rd day of November, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copy To: *Pro Se* Petitioner